**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JONATHAN HUBBARD**                                                           **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.: 4:25-cv-135-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                 **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Before the Court are Plaintiff's motion [28] and memorandum [29] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Defendant's response [30].

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Order [Doc. 26] granted Defendant's motion to remand to the Social Security Administration for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).[1]

Plaintiff, through his motion, seeks attorney fees in the amount of $7,593.33. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, Plaintiff's attorney spent a total of 29.8 hours on this case in 2025 and 2026 at a rate of $254.81 per hour, amounting to $7,593.33 of total work.

---

[1] The fourth sentence of 42 U.S.C. § 405(g) states "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Court, having thoroughly considered the motion, noting that the Defendant does not oppose the award of EAJA fees, and the applicable law, finds the award is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $7,593.33 in attorney fees for the benefit of his counsel.  As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 29th day of April, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**